**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| v. | : | Case No. 1:26-CV-00134 |
| ONE HUNDRED TWO THOUSAND, NINE HUNDRED TWENTY-FOUR DOLLARS AND 00/100 ($102,924.00) IN UNITED STATES CURRENCY, | : : | |
| Defendant, | : | |
| | : | |

**VERIFIED COMPLAINT FOR FORFEITURE IN REM**

Plaintiff, the United States of America, by its undersigned counsel, alleges the following

for its action against the defendant in accordance with Supplemental Rule G(2) of the Federal

Rules of Civil Procedure.

**NATURE OF THE ACTION**

1.      This is a civil action *in rem* brought to enforce 21 U.S.C. § 881(a)(6), which

provides for the forfeiture to the United States of the following:

> All moneys, negotiable instruments, securities, or other things of value furnished
> or intended to be furnished by any person in exchange for a controlled substance or
> listed chemical in violation of this subchapter, all proceeds traceable to such an
> exchange, and all moneys, negotiable instruments, and securities used or intended
> to be used to facilitate any violation of this subchapter.

**THE DEFENDANT IN REM**

2.      The defendant is One Hundred Two Thousand, Nine Hundred Twenty-Four Dollars

and 00/100 ($102,924.00) in United States Currency.   On or about July 7, 2025, members of the

Cincinnati Fugitive Apprehension Unit seized the defendant during the consensual search of a

residence located at 731 Beechwood Avenue, Cincinnati, Ohio 45232.   The United States has

deposited the defendant into an account controlled by the U.S. Customs and Border Protection,

Fines, Penalties and Forfeiture Office, where it will remain during the pendency of this action.

## JURISDICTION AND VENUE

3.      Plaintiff brings this action *in rem* in its own right to forfeit and condemn the

defendant under 21 U.S.C. § 881(a)(6).   This Court has jurisdiction over an action commenced

by the United States under 28 U.S.C. § 1345 and over an action for forfeiture under 28 U.S.C.

§ 1355(a).

4.      This Court has *in rem* jurisdiction over the defendant under 28 U.S.C.

§ 1355(b)(1)(A) because acts and omissions giving rise to the forfeiture occurred in the Southern

District of Ohio.

5.      Venue is proper in this district under 28 U.S.C. § 1355(b)(1)(A) because acts and

omissions giving rise to the forfeiture occurred in the Southern District of Ohio and under 28

U.S.C. § 1395 because the defendant was found in the Southern District of Ohio.

## BASIS FOR FORFEITURE

6.      The defendant is subject to forfeiture under 21 U.S.C. § 881(a)(6) because it

represents property furnished or intended to be furnished in exchange for a controlled substance,

represents proceeds traceable to such an exchange, or was used or intended to be used to facilitate

any violation of 21 U.S.C. § 841 or a conspiracy to commit such offense, in violation of 21 U.S.C.

§ 846.

## FACTS

7.      On or about July 3, 2025, a police officer from South Dakota contacted a member

of the Cincinnati Fugitive Apprehension Unit to request assistance in arresting Jabriel Fears

("Fears"), a subject who was wanted for a shooting in South Dakota.    The officer also requested

that the Cincinnati Fugitive Apprehension Unit attempt to recover a firearm, which Fears had used

in the commission of the offense.

8.      Based on surveillance, officers learned that Fears was living at a residence located

at 731 Beechwood Avenue, Cincinnati, Ohio.

9.      On or about July 7, 2025, members of the Cincinnati Fugitive Apprehension Unit

executed an arrest warrant for Fears at 731 Beechwood Avenue, Cincinnati, Ohio.

10.     After law enforcement officers announced their presence and intent to serve the

arrest warrant, Fears attempted to leave the residence through the back door.    Officers

apprehended Fears at the residence without further incident.

11.     During the apprehension, officers spoke with Jenee Johnson, the renter of the 731

Beechwood Avenue residence, who stated that Fears was just visiting.    Fears is believed to be the

brother of Jenee Johnson.

12.     Jenee Johnson gave verbal consent to search the basement of the residence and later

gave verbal consent to search the rest of the house.    Johnson's verbal consent was recorded on a

body-worn camera.

13.     Jenee Johnson admitted that there was a firearm in her closet, which she initially

claimed was owned by her boyfriend, DeMarco Jackson.

14.     Officers recovered a Smith & Wesson M&P rifle in Jenee Johnson's bedroom

closet, which had been reported stolen in a burglary in Dayton, Ohio.

15.     When officers located a safe in Jenee Johnson's closet, she claimed that she did not

know the combination and initially stated that it belonged to her boyfriend as well.

16.     Jenee Johnson further stated that there was money in the safe, but she did not appear

3

to know the amount of money.   In addition to the money, Johnson stated that there were papers in the safe.   When asked if the amount of money was less than $100,000.00, Johnson said, "Yes."

17.     Jenee Johnson indicated that she did not want the officers to get a search warrant because they may damage her house.   Johnson then gave the officers consent to open the safe without a warrant.

18.     After contacting an individual, Jenee Johnson provided officers with different combinations for the safe until she eventually gave them one that opened the safe.

19.     Inside the safe was an identification card and other documents in the name of "Bryant Johnson."   In addition, the safe contained a smashed cell phone; money, which was later confirmed to total $102,924.00 in U.S. currency (the defendant); and a counterfeit one-hundred-dollar bill.

20.     The defendant was packaged in several rubber-banded bundles, each in the amount of approximately $10,000.00, and there was approximately $10,000.00 in a bag.

21.     Upon observing the contents of the safe, officers again asked Jenee Johnson about the ownership of the defendant and the firearm.   Jenee Johnson changed her story and admitted that the money and firearm belonged to her brother, Bryant Johnson, who was out on bail.

22.     When asked why Bryant Johnson was out on bail, Jenee Johnson stated that she did not know but that it most likely was drug related.   Bryant Johnson was not present at the time of the search.

23.     After officers seized the defendant, Jenee Johnson again stated the money belonged to her brother, it was not her money, and she did not know where the money came from, all of which was recorded on a body-worn camera.

24.     Bryant Johnson is a known drug trafficker in Cincinnati, Ohio.   In May 2017, he

was convicted of possession of heroin, possession of marijuana, and having weapons while under disability in the Hamilton County Court of Common Pleas, and he was sentenced to a total of four years in prison.

25.     Bryant Johnson currently is under indictment in two separate cases in the Hamilton County Court of Common Pleas for seven drug trafficking charges, among other offenses.

26.     Although Jenee Johnson denied ownership of the defendant, on or about September 8, 2025, she filed a claim to the defendant with the U.S. Customs and Border Protection in the administrative forfeiture proceedings.

27.     In her claim, Jenee Johnson did not assert an ownership interest in the defendant or provide any documentation in support of her claim.   Instead, she alleged that the money was unlawfully seized from her residence.

## CONCLUSION

28.     Based on the foregoing facts, the United States asserts that the defendant is subject to forfeiture to the United States under 21 U.S.C. § 881(a)(6) because it represents property furnished or intended to be furnished in exchange for a controlled substance, represents proceeds traceable to such an exchange, or was used or intended to be used to facilitate any violation of 21 U.S.C. § 841 or a conspiracy to commit such offense, in violation of 21 U.S.C. § 846.

## CLAIM FOR RELIEF

WHEREFORE, the plaintiff respectfully requests that:

(a)     pursuant to Rule G(3)(b)(i), Supplemental Rules, the Clerk issue a warrant of arrest *in rem*, directing the United States to arrest and seize the defendant and to retain the same in its custody subject to further order of the Court;

(b)     the Court, pursuant to Rule G(4), Supplemental Rules, direct the United States to

give notice to all persons and entities having an interest in the defendant to assert in conformity

with the law a statement of any interest they may have, including notice by publication on the

official government website, www.forfeiture.gov, for 30 consecutive days;

(c)     the forfeiture of the defendant to the United States be confirmed, enforced, and

ordered by the Court;

(d)     the Court thereafter order the United States to dispose of the defendant as provided

by law; and

(e)     the Court award the United States all other relief to which it is entitled, including

the costs of this action.

Respectfully submitted,

DOMINICK S. GERACE II
United States Attorney


s/Deborah D. Grimes
DEBORAH D. GRIMES (0078698)
Assistant United States Attorney
Attorney for Plaintiff
221 East Fourth Street, Suite 400
Cincinnati, Ohio 45202
(513) 684-3711
Deborah.Grimes@usdoj.gov

## VERIFICATION

I, Rasheen K. Jennings, hereby verify and declare under the penalty of perjury that I am a Task Force Officer with the U.S. Immigration and Customs Enforcement, Homeland Security Investigations, that I have read the foregoing Verified Complaint for Forfeiture *In Rem* and know the contents thereof, and that the matters contained in the complaint are true to my own knowledge, except that those matters stated to be alleged on information and belief and as to those matters, I believe them to be true.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement officers, and my investigation of this case.

I hereby verify and declare under the penalty of perjury that the foregoing is true and correct.

Dated: 3/6/26

RASHEEN K. JENNINGS, Task Force Officer
U.S. Immigration and Customs Enforcement
Homeland Security Investigations